FILED
2018 Aug-28 AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PAULA THOMPSON and STEVEN THOMPSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>LYNDON SOUTHERN INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No.: 4:18-CV-00623-ACA |

## MEMORANDUM OPINION AND ORDER

This breach of contract and bad faith action arises out of the purchase and loss of Plaintiffs Paula and Steven Thompson's car. The Thompsons financed the purchase of the car with a loan from Defendant JPMorgan Chase Bank, N.A. ("Chase"), and Chase is named as an additional insured under the Thompsons' car insurance policy. After a fire destroyed their car, the Thompsons submitted a claim to their insurer, Defendant Lyndon Southern Insurance Company ("Lyndon Southern"), alleging that the full amount owed under the policy was the purchase price of the vehicle. (*See* Doc. 28 at 3). Lyndon Southern denied the Thompsons' claim, but paid Chase for the loss. The Thompsons then filed suit against Chase

and Lyndon Southern.[1] The Thompsons assert breach of contract, bad faith, and conversion claims against Lyndon Southern, and a claim against Chase for tortious interference with a contractual relationship. (Doc. 1-1 at 7-12). This action is before the court on Chase's motion for judgment on the pleadings. (Doc. 24). For the reasons explained below, the court finds that Chase's motion is due to be granted.

I.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.,* 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). When ruling on a motion for judgment on the pleadings, the court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Mikko v. City of Atlanta, Georgia*, 857 F.3d 1136, 1139 (11th Cir. 2017) (citation omitted).

---

[1] The Thompsons also name several other companies in their complaint that are allegedly related to Lyndon Southern. (Doc. 1-1 at 2).

## II. FACTUAL ALLEGATIONS

The Thompsons purchased a used car on May 11, 2016. (Doc. 1-1 at ¶ 6). To help finance the purchase, the Thompsons took out a loan with Chase. (*Id.* at ¶¶ 6-7, 11). The loan required the Thompsons to insure the car and name Chase as an "additional loss payee" under the insurance policy. (*Id.* at ¶¶ 8-9). Accordingly, the Thompsons had the car insured with a policy from Lyndon Southern, and the insurance policy names Chase as an additional insured. (Doc. 1-1 at ¶ 12-14; Doc. 2-2 at 2).

On July 15, 2016, a fire caused substantial damage to the Thompsons' car, and the car was a total loss. (Doc. 1-1 at ¶¶ 15, 20). The Thompsons reported the loss to Lyndon Southern. (*Id.* at ¶¶ 18-19). According to the Thompsons, the insurance policy required Lyndon Southern to provide full coverage for the loss. (*See id.* at ¶ 20). Nevertheless, Lyndon Southern refused to pay the Thompsons' claim. (*Id.* at ¶¶ 22-23, 29). The Thompsons allege that Lyndon Southern acted in bad faith and did not determine the value of the loss before refusing to pay the Thompsons' claim. (*Id.* at ¶¶ 22, 34).

Rather than paying the Thompsons, Lyndon Southern paid Chase for the loss without obtaining the Thompsons' permission. (*Id.* at ¶ 23). The amount Lyndon Southern paid to Chase was less than the amount the Thompsons owed to Chase under the loan. (*Id.* at ¶ 35). According to the Thompsons, Chase settled the claim

without their consent for less than "the full and fair market value" of their car, and Chase "has not taken any action to receive the full money owed" to the Thompsons under the insurance policy. (*Id.* at ¶¶ 23, 35-36, 78).

Based on Lyndon Southern's and Chase's alleged actions following the loss of the Thompsons' car, the Thompsons initiated this action against Chase, Lyndon Southern, and another allegedly related insurance company in the Circuit Court of Etowah County. (Doc. 1-1). Chase and Lyndon Southern removed the action to this court on the basis of diversity jurisdiction. (Doc. 1). The Thompsons' complaint asserts a single claim against Chase for tortious interference with a contractual relationship. (Doc. 1-1 at 10-11).

## III. DISCUSSION

The Thompsons allege that Chase negligently, wantonly, or intentionally interfered with their contractual rights under the Lyndon Southern insurance policy. (Doc. 1-1 at 10-11). Chase contends that the Thompsons' tortious interference claim fails as a matter of law and should be dismissed. (Doc. 24 at 6-9). For the reasons discussed below, the court agrees.

To establish a claim for tortious interference, a plaintiff must prove: "'1) the existence of a contract or business relation; 2) the defendant's knowledge of the contract or business relation; 3) intentional interference by the defendant with the contract or business relation; 4) the absence of justification for the defendant's

4

interference; and 5) damage to the plaintiff as a result of the interference.'" *McFarlin v. Conseco Serv., LLC*, 381 F.3d 1251, 1261 (11th Cir. 2004) (quoting *Ex parte Awtrey Realty Co.*, 827 So. 2d 104, 108-09 (Ala. 2001)). In addition to these elements, the defendant must be "a 'third party,' i.e., a 'stranger' to the contract with which the defendant allegedly interfered." *Id.* (quoting *BellSouth Mobility, Inc. v. Cellulink, Inc.*, 814 So. 2d 203, 212 (Ala. 2001)); *see also Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1154 (Ala. 2003) ("Clearly, a party to a contract or business relationship cannot be liable for tortious interference with that contract or business relationship.") (citation omitted). A defendant "is not a stranger to a contract just because [he] is not a party to the contract." *Parsons v. Aaron*, 849 So. 2d 932, 946 (Ala. 2002) (quotation and emphasis omitted). Instead, "'a defendant is a party in interest to a business or contractual relationship if the defendant has any beneficial or economic interest in, or control over, that relationship.'" *Tom's Foods, Inc. v. Carn*, 896 So. 2d 443, 454 (Ala. 2004) (quoting *Waddell & Reed, Inc.*, 875 So. 2d at 1154 (alterations in original omitted).

Chase argues that the Thompsons' tortious interference claim fails because, as an additional insured, it is not a stranger to the insurance policy. (Doc. 24 at 8; Doc. 30 at 4). Indeed, the Thompsons allege that their loan with Chase required them to name Chase an additional loss payee on the insurance policy and that the

5

Lyndon Southern policy names Chase an additional loss payee. (Doc. 1-1 at ¶¶ 9, 14). The policy's declaration page confirms that Chase is an additional insured under the policy. (Doc. 2-2 at 3). As an additional insured, Chase has a direct, legitimate economic interest in the Lyndon Southern insurance policy. *See Standard Fire Ins. Co. v. Knowles*, 129 F. Supp. 3d 1271, 1292 (N.D. Ala. 2015) ("A lienholder who is named as a loss payee on an insurance policy is entitled to the insurance proceeds to the extent of the amount of his debt . . . ."). Thus, Chase is not a stranger to the insurance policy, and, as a matter of law, it cannot be liable to the Thompsons for interfering with the policy. *See Waddell & Reed*, 875 So. 2d at 1153-57.

The Thompsons do not respond directly to Chase's argument that their tortious interference claim fails because it is not a stranger to the insurance policy. (*See* Doc. 28). Rather, in their opposition to Chase's motion, the Thompsons argue that Lyndon Southern and Chase conspired to settle the loss without the Thompsons' consent for less than the fair market value of their car at the time of the fire. (*Id.* at 3-5). That argument does not save their claim against Chase, however, because the Thompsons asserted a tortious interference claim against Chase and not a conspiracy claim. (*See* Doc. 1-1).

The Thompsons also argue that they should be allowed to conduct discovery before the court rules on Chase's pending motion. (Doc. 28 at 2, 6). But, the

motion for judgment on the pleadings tests only the sufficiency of the pleadings. (*See* Docs. 23 & 24). Chase attached the declaration page from the Lyndon Southern insurance policy and the retail installment contract ("RIC") that memorialized its loan to the Thompsons to its answer, and Chase refers to those documents in its brief in support of its motion. (*See* Docs. 2 and 24). The loan and insurance policy are central to the Thompsons' claims, and the authenticity of the documents attached to Chase's answer is not in dispute. (*See* Docs. 1-1 and 28). Accordingly, the court may consider those documents when ruling on Chase's motion for judgment on the pleadings without treating it as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted). Thus, the court does not need to allow the Thompsons to conduct discovery before ruling on Chase's motion.

Chase is an additional insured under the Lyndon Southern insurance policy. (Doc. 1-1 at ¶ 14). Therefore, Chase is not a stranger to the policy and cannot be liable for tortious interference with the insurance policy. *See Waddell & Reed*, 875 So. 2d at 1154. As a result, the Thompsons' claim against Chase fails as a matter of law, and Chase is entitled to a judgment on the pleadings.

IV. **CONCLUSION**

The court **GRANTS** Chase's motion for judgment on the pleadings. (Doc. 23). The Thompsons' claim against Chase for negligent, wanton, or intentional

interference with a contractual relationship is **DISMISSED WITH PREJUDICE**, and Chase is dismissed as a defendant in this action. The court **DENIES** Chase's motion to stay, (Doc. 40), as **MOOT**.

**DONE** and **ORDERED** this August 28, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE